# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN MARINKOVIC,<br><br>  Plaintiff,<br><br>v.<br><br>KIMBERLY P. COCKERHAM,<br><br>  Defendant. | Case No. 23-cv-01279-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO SEAL IFP APPLICATION; AND**<br><br>**(2) DENYING APPLICATION TO PROCEED IFP** |
| MELVIN MARINKOVIC,<br><br>  Plaintiff,<br><br>v.<br><br>MARIA DANILYCHEV,<br><br>  Defendant. | Case No. 23-cv-01280-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO SEAL IFP APPLICATION; AND**<br><br>**(1) DENYING APPLICATION TO PROCEED IFP** |

These cases are just two of many lawsuits filed by self-represented Plaintiff Melvin Marinkovic. In both cases, Plaintiff moves to proceed *In Forma Pauperis* ("IFP")—without paying the filing fee. Plaintiff also moves to seal his IFP Applications.

The Court addressed the same requests in one of Plaintiff's other matters—*Marinkovic v. Liberty Mutual Holding Co.*, Case No. 23-cv-1084-BAS-JLB. After the Court denied Plaintiff's requests, he filed an appeal to the Ninth Circuit. The Ninth Circuit then dismissed his appeal because it was not substantial enough to warrant further review.

For the following reasons, the Court reaches the same conclusions in these cases and denies Plaintiff's Motions to Seal and his Applications to Proceed IFP.

## I. Motions to Seal

Alongside each of Plaintiff's IFP Applications, he submits a motion to seal that application on the ground it contains information concerning his finances, which he wants to protect from public view. Although only several paragraphs of the Motions to Seal contain general information concerning Plaintiff's finances, they, too, were filed under seal. As explained in the Court's decision in Case No. 23-cv-1084, Plaintiff's financial information is not related to the merits of the case. Therefore, all Plaintiff must demonstrate is that "good cause" exists to seal his IFP Applications. *See Ctr. for Auto Safety Chrysler Grp., LLC*, 809 F.3d 1092, 1096–98, 1102 (9th Cir. 2016). However, Because Plaintiff does not provide reasons why his basic financial information—proffered for the purpose of obtaining public funding for his litigation expenses—should be shielded from public view, his Motions to Seal the IFP Applications are denied.

## II. Motions to Proceed IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted IFP status pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

  Under 28 U.S.C. § 1915, indigency is the benchmark for whether a plaintiff may proceed IFP. The determination of indigency falls within the district court's sound discretion. *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) (holding that "[s]ection 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement on indigency"), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to satisfy the IFP indigency threshold. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40. To qualify for IFP status, "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and the dependents with the necessities of life." *Adkins*, 335 U.S. at 339. However, "care must be employed to assure that federal funds are not squandered to underwrite, at public expense, . . . the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). District courts, therefore, tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses. *See Skyler v. Saul*, No. 19-CV-1581-NLS, 2019 WL 4039650, at *3 (S.D. Cal. Aug. 27, 2019).

  Plaintiff attests that he has not earned any income over the past year through employment, property ownership, interest and dividends, gifts, alimony, or child support, and that he does not expect to earn any income from those sources in the foreseeable future. However, his IFP Application in Case No. 23-cv-1279 is incomplete and missing the remaining pages. Hence, this IFP Application is denied.

  Plaintiff's IFP Application in Case No. 23-cv-1280 includes the missing pages, but it is likewise insufficient. For example, Plaintiff does not specify any retirement or disability income he receives. The Court is troubled, however, because his Motions to Seal indicate that he receives a pension. At the same time, Plaintiff's IFP Application states he receives no financial support whatsoever yet survives while incurring at least $990 in expenses per month. Overall, Plaintiff fails to "provide sufficient credible support that [he] is unable to afford the costs of this litigation." *See, e.g., Adeyinka v. Walmart*, No. 3:23-

CV-393-JR, 2023 WL 3027318, at *1 (D. Or. Apr. 11, 2023).  Therefore, the Court likewise denies the IFP Application in Case No. 23-cv-1280.

## III. Conclusion

In sum, the Court:

1. **DENIES** Plaintiff's Motions to Seal his IFP Applications.
2. **DENIES WITHOUT PREJUDICE** Plaintiff's IFP Applications.
3. **DIRECTS** the Clerk to file on the docket of each respective case (1) Plaintiff's Motion to Seal his IFP Application, and (2) the IFP Application itself.
4. **ORDERS** that Plaintiff must pay the filing fee for each case or submit adequate proof of his inability to do so no later than **May 30, 2024**.  **Plaintiff is warned that if he fails to do so, the Court will dismiss these actions**.  Plaintiff is also reminded that any IFP Application must be signed under penalty of perjury and address all his assets and sources of money.  *See* 28 U.S.C. § 1915(a)(1); *see also* Civ. L.R. 3.2(a).

IT IS SO ORDERED.

DATED: May 9, 2024

Hon. Cynthia Bashant
United States District Judge